Filed 3/9/21  P. v. Rodriguez CA4/2
See Dissenting Opinion

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS VINCENT RODRIGUEZ,<br><br>    Defendant and Appellant. | E075540<br><br>(Super.Ct.No. FSB19002210)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearances for Plaintiff and Respondent.

1

Defendant and appellant Thomas Vincent Rodriguez was charged by felony complaint with forgery of a bill, note, or check (Pen. Code,[1] § 476, count 1) and grand theft from an elder or dependent adult (§ 368, subd. (d), count 2). Pursuant to a plea agreement, defendant pled no contest to count 2. A trial court suspended imposition of sentence and placed him on probation for three years under specified conditions, including that he keep the probation officer informed of his place of residence and that he not contact the victim, enter the premises, or be within 100 yards of the victim's residence or workplace. The court subsequently found that defendant violated his probation. It terminated his probation and sentenced him to three years in county jail, with credit for time served.

Defendant filed a timely notice of appeal in propria persona. We affirm.

## PROCEDURAL BACKGROUND

On February 7, 2020, defendant's probation officer filed a petition for revocation of probation. The petition alleged defendant violated four of his probation conditions, including contacting the victim, entering the premises or being within 100 yards of the victim's residence or workplace, and keeping the probation officer informed of his place of residence and giving written notice no later than 24 hours after any move. The petition stated that the victim in the current case was defendant's mother and there was an active

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

2

restraining order prohibiting defendant from being within 100 yards of her, her residence, or her workplace.

The court held a *Vickers*[2] hearing on July 17, 2020. The victim testified that she saw defendant in her backyard a few times after he was released from jail. She told him, "You can't be around here," but he did not respond. A police officer testified that she responded to a call at the victim's residence on February 11, 2020, observed defendant on the victim's property, and arrested him for violating a court order and his probation. In addition, defendant's probation officer testified that defendant was sent to Set Free Men's Ranch (Set Free Ranch) as part of the current case.[3] In January 2020, the probation officer received a call that defendant was no longer at Set Free Ranch since he had completed the program and was sent to a transitional living facility on January 12. The probation officer testified that defendant never notified him that he moved. The officer interviewed defendant in February, and defendant just talked about the facts of the underlying case. When the officer told him the reason for the interview was because he violated the restraining order, defendant became irritated and claimed the restraining order was not valid. The court found that defendant had repeatedly violated the restraining order and did not recognize it as legally valid, and that he was not cooperating with the probation department. It terminated probation and sentenced defendant to three years in county prison, with credit for time served.

---

[2] *People v. Vickers* (1972) 8 Cal.3d 451.

[3] The plea agreement specifies that defendant agreed to go to Set Free Ranch for six months.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and no potential arguable issues. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                    J.

I concur:


MILLER
            Acting P. J.

4

[*P. v. Rodriguez*, E075540]

MENETREZ, J., Dissenting.

Because this is an appeal from a postjudgment order, *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 do not require us to read the entire record ourselves to look for arguable grounds for reversal.  (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45; *People v. Serrano* (2012) 211 Cal.App.4th 496, 498.) Appointed appellate counsel filed a brief raising no issues, and defendant was given the opportunity to file a personal supplemental brief but declined.  The appeal should accordingly be dismissed as abandoned.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1129-1130.)

MENETREZ

J.